### JOHNSON *v.* ARMOUR and others.

*(Circuit Court, D. Missouri.   October Term, 1883.)*

1. PERSONAL INJURY—DEFECTIVE MACHINERY—RESPONSIBILITY.

    The plaintiff sues to recover for injuries received while working on the defendants' elevator, and avers that certain portions of the elevator were defective. *Held* that, to render the defendant liable, it must be shown that the portions claimed to be defective were necessary for the safe operation of the elevator; that they caused or contributed to the injury received; and that they were not repaired within a reasonable time after being brought to the defendants' notice.

2. SAME—FELLOW-SERVANTS—MASTER'S RESPONSIBILITY—COMMON EMPLOYMENT.

    A master is not liable for an injury resulting to a servant through the negligence of a fellow-servant, not even though the fellow-servants are incompetent, unless such incompetency was known to the master, or might have been ascertained by the exercise of ordinary care; nor will the master be liable in any case, unless the incompetency caused, or contributed to, the injuries received. Common employment means work of the same general character.

3. SAME—SCOPE OF EMPLOYMENT—QUESTION FOR THE JURY.

    A master is not liable for an injury sustained by a servant while performing work not in the line of his trade, and which he was not ordered to do. The question whether one is working in the line of his trade is for the jury.

At Law.

*Scott & Taylor*, for plaintiff.

*Pratt, Brumback & Ferry*, for defendants.

KREKEL, J., *(charging jury.)*   The plaintiff, Johnson, claims damages from Armour & Co. on account of injuries received by him on the sixteenth day of January, 1883, while at work in their elevator. The claim is based upon the charge that the defendants did not furnish proper and safe machinery, and the further charge that defendants did not have competent servants in charge of the elevator machinery, and that in consequence of these neglects he was injured.

*First,* as to the machinery. The charge regarding such is that the appliances to ring the bell to give signals to the engineer in charge

of the engine operating the elevator were out of order. This is a charge of negligence which the plaintiff makes, and is bound to prove to your satisfaction. The law does not presume negligence. If you come to the conclusion, from the testimony, that the defect claimed to have existed in the bell arrangement is not proven to your satisfaction, this will end your inquiry on that branch of the case. But if you shall find, from the testimony, that the bell arrangement was out of order, your next inquiry will be, did this cause or contribute to the injury complained of? If, under the evidence, you shall arrive at the conclusion that the defects of the bell arrangement, if any existed, did not cause or contribute to the injury complained of, in that case you must dismiss this charge of negligence from your consideration.

The want of a lever is the next charge regarding defective machinery. There is no dispute that the lever connected with the machinery was out of order. You have heard the testimony as to the office which the lever performed. Concerning it you will have to determine—*First*, whether a lever was necessary for the safe operating of the machinery; for if the elevator could be operated without it with reasonable safety, and the lever was only useful in the way of saving wear and tear, in that case it made no difference whether the lever was in order or not. In case you find, from the testimony, that a lever was necessary for the safe operation of the machinery of the elevator, you will next inquire, did this defect cause or contribute to the injury complained of? If you find it did not so contribute, in that case the defect of the lever did not create a liability on the part of the defendants. The law allows defendants a reasonable time for repairing defects in machinery after such defects come to the knowledge of the superintendent of the defendants. The reasonable time here spoken of must be gauged by the use made of the machinery in connection with the work to be performed by it, and the necessity of the repairs for safety.

If you shall find, from the testimony, that the lever was a necessary part of the machinery for operating the elevator, and that it could not be operated with reasonable safety without it, and you further find that it was not repaired within a reasonable time after the defects came to the knowledge of the defendant, and you still further find that the want of a lever caused or contributed to the injury complained of, the defendants would be liable unless their liability is avoided by any of the reasons or causes in this charge hereafter mentioned. In short, the lever must be necessary, neglect must have occurred in repairing it, the defect must have caused or contributed to the injury, otherwise, the defendants are not liable.

The next charge of negligence is that defendants did not have competent servants in charge of the machinery. Self-interest the law assumes to be sufficient to cause a proper selection of servants by him who employs them. To overcome this presumption, it must ap-

pear from the testimony that one or more of the servants in charge of the elevator machinery was incompetent, and that such incompetence was known to the defendants, and caused or contributed to the injury complained of. Though you may find there were incompetent servants in charge of the elevator machinery, yet, if this did not cause or contribute to the damages complained of, it must be disregarded by you in the consideration of this branch of the case. It is only when the incompetency on the part of servants is shown by the evidence, and that such incompetency came to the knowledge of defendants, or they might have known such incompetency by the exercise of ordinary care, that the defendants are liable.

Regarding plaintiff's going to work on the elevator, you are instructed that if the plaintiff was ordered to do specific work in the line of his trade as a carpenter, and that he, after finishing the designated task, proceeded to do work not in the line of his trade, which he was not ordered to do, and was injured while so engaged, he cannot recover. But what the work of his profession was as a carpenter must be judged of under the circumstances of this case. The plaintiff had been engaged in preparing ice for storage, and it is for you to determine whether he was out of the line of his occupation when he went into the elevator to fit its machinery for use by cutting away the ice testified to.

There remains the question of the relation in which fellow-servants engaged in the same employment stand towards each other, so that they must bear injuries brought upon them by the neglect of their fellows. The law is that the common employer is not responsible for injuries resulting from neglects committed by fellow-servants upon each other in their common employment. By common employment is meant that the work upon which the servants are engaged is of the same general character. The trade of a carpenter differs from work of getting and preparing ice for the purpose of storage, and servants thus engaged, each upon his appropriate work, cannot be said to be in common employment. Yet, in the case before us, we find the plaintiff, a carpenter by trade, engaged on work fitting ice for storage, the same occupation upon which the ice-men were engaged. There is no doubt that a carpenter may engage upon other work than his trade, and when he does so he may pursue the common employment of those with whom he works, and thus fall within the category designated "common employment." The question whether this plaintiff was engaged in the employment of an ice-man at the time and on the occasion when he was injured is for you to determine under the evidence. If he was so employed he cannot recover if injured in consequence of the neglect of a fellow-servant. The engineer and the servant who controlled the movements of the elevator machinery are fellow-servants, and in common employment with the ice-men for the purposes of this case.

If you find the issues for the plaintiff, you will allow him the differ-

ence between his ability to earn before and after the injury, including suffering in consequence of his injury.

If you find the issues for the defendants, you will return a verdict accordingly.